UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EZEKIEL I. TAYLOR,

    Petitioner,

        v.                                           CAUSE NO. 3:21-CV-677-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Ezekiel I. Taylor, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-5-41) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a weapon in violation of Indiana Department of Correction Offense 106. Following a hearing, he was sanctioned with the loss of one year of earned credit time and two demotions in credit class.

Taylor argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer demonstrated bias by not personally viewing the surveillance recording video and by saying "he had to find [him] guilty" In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* The record contains no

indication that the hearing officer was personally involved with the discovery of the weapon that was the subject of conduct report against Taylor. Further, contrary to Taylor's assertion, the hearing officer prepared a written summary of the video surveillance recording based on his review of the recording. ECF 11-7. Moreover, the assertion that the hearing officer said, "I have to find you guilty," without additional context, does not suggest improper bias. Though the hearing officer may have been referring to improper outside influences, it is equally plausible that the hearing officer made the statement with reference to his review of the administrative record and the disciplinary code. Indeed, in an affidavit, the hearing officer explains that he based his decision solely on the administrative record. ECF 11-14. As a result, the claim of improper bias is not a basis for habeas relief.

Taylor argues that he is entitled to habeas relief because he received inadequate notice of the disciplinary charges against him because the conduct report omitted the identity of the correctional officer who found the weapon and omitted details that would have exonerated him. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). Though the conduct report does not identify the finder of the weapon, Officer Crowe provided a statement at Taylor's request identifying himself as the finder. ECF 11-8. Further, Taylor does not explain which details were omitted from the conduct report or how they undermined the allegations

2

against him. Therefore, the claim that Taylor received inadequate notice of the charge is not a basis for habeas relief.

Taylor argues that he is entitled to habeas relief because the correctional staff denied him an accurate video summary, fingerprint and DNA analysis, and information as to who found the weapon and when it was found. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Contrary to Taylor's assertion, the administrative record contains a statement from Officer Crowe identifying himself as the finder of the weapon and a video recording summary providing the time at which it was found. ECF 11-7; ECF 11-8. Further, though Taylor asserts that the video recording summary is inaccurate, the court has reviewed the video recording (ECF 13) and finds that the summary is consistent with the video recording. Moreover, there is no right to fingerprint or DNA analysis for prison disciplinary proceedings. *See Wolff*, 418 U.S. at 563-66; *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by *Wolff*). Therefore, this argument is not a basis for habeas relief.

Taylor argues that he is entitled to habeas relief because the finding of guilt was a product of retaliation for filing grievances and lawsuits against correctional staff.

3

"Prisoners are entitled to be free from arbitrary actions of prison officials. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974)." *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984) "[R]etaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." *Lee v. Berge*, 14 F. App'x 690, 693 (7th Cir. 2001). Therefore, the claim of retaliation is not a basis for habeas relief.

In sum, Taylor has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Taylor wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Ezekiel I. Taylor leave to proceed in forma pauperis on appeal.

SO ORDERED on February 2, 2022

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge